IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-102-MOC-DSC
[consolidated with 3:10cv104]

| | | |
|---|---|---|
| HEATHER MCCORMACK and<br>NICOLE M. MCAULIFFE, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| Vs. | )<br>) | ORDER |
| CAMPUS CREST GROUP, LLC;<br>THE GROVE STUDENT PROPERTIES, LLC,<br>formerly known as CAMPUS CREST REAL<br>ESTATE MANAGEMENT, LLC, | )<br>)<br>)<br>)<br>) | |
| Original Defendants, | )<br>) | |
| CAMPUS CREST CONSTRUCTION, LLC,<br>CAMPUS CREST DEVELOPMENT, LLC,<br>CAMPUS CREST PROPERTIES, LLC,<br>CAMPUS CREST DISTRIBUTION, LLC,<br>CAMPUS CREST LEASE, LLC,<br>CAMPUS CREST AVIATION, LLC,<br>CAMPUS CREST VENTURES I, LLC,<br>CAMPUS CREST ASHEVILLE MANAGER,<br>LLC, CAMPUS CREST AT ASHEVILLE,<br>LLC, MADEIRA GROUP, LLC, MXT<br>CAPITAL, LLC, 339 UNION STREET<br>HOUSE, LLC, Jointly and Severally, and all<br>doing business as CAMPUS CREST<br>COMMUNITIES, and MICHAEL S.<br>HARTNETT, Individually, and TED W.<br>ROLLINS, Individually, as the Alter-Egos of<br>CAMPUS CREST COMMUNITIES, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| New Defendants. | )<br>) | |

-1-

**THIS MATTER** is before the court on the new defendants' Motion to Dismiss Plaintiffs' Amended Complaint (#11) and plaintiffs' Motion for Joinder (#26). The court has considered all the pleadings of record and conducted a hearing in this and in a companion matter that will not be consolidated herewith. After consideration of the arguments of respective counsel, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.     Background**

  **A.     Nature of the Action**

This is an employment discrimination action brought under Title VII with supplemental state law claims concerning alleged wrongful termination and unpaid bonuses. Prior to removal to this court from the North Carolina General Court of Justice, plaintiffs amended their original Complaint[1] to add 14 new defendants.

The Amended Complaint asserts claims for sex discrimination (Count I), retaliation under Title VII of the Civil Rights Act (Count II), for breach of contract (Count III), violation of the North Carolina Wage and Hour Act (Count IV), wrongful termination in violation of state public policy (Count V), alter ego (Count VI), and constructive trust (Count VII). After the Motion to Dismiss was fully briefed, plaintiffs moved to bring in a third set of defendants, who will be referred to hereinafter as the "proposed additional defendants."[2]

---

[1]     The court will use the singular tense as the earlier complaints have been consolidated.

[2]     The proposed additional defendants are, as follows: Campus Crest Communities, Inc.; Campus Crest Communities General Partnership, LLC; Campus Crest

## B. Nature of the Dispute

Defendants own and operate multiple apartment properties in multiple states, with a common theme of providing alternative, private housing for college students. Plaintiffs were apparently employed by the original defendants,[3] who they named in their charge of discrimination with the EEOC. In the Amended Complaint, plaintiffs included as defendants various LLCs that Campus Crest spawned while they were employed, hereinafter the new defendants.[4] The proposed additional defendants are similar entities that were created since the Amended Complaint was filed, and the court assumes that others will be formed as this litigations progresses.

Plaintiffs contend that the Campus Crest enterprise is a vertically integrated business entity that creates separate legal entities to acquire the land, build the facilities, and then manage the properties. Campus Crest appears to create LLCs to accomplish the discrete task at hand, and then creates an LLC to hold and manage each property. Recently, it appears that Campus Crest has created a regular corporate entity.

## II. The New Defendants' Motion to Dismiss and Plaintiffs' Motion to Join the Proposed Additional Defendants

### A. Motion to Dismiss

---

Communities Limited Partnership, LLC; and Campus Crest Communities Operating Partnership, LP.

[3] As identified in the caption.

[4] As identified in the caption.

The new defendants have moved to dismiss the alter ego claim (Count VI) and the constructive trust claim (Count VII). They have also moved to dismiss the substantive claims asserted against them in claims one through five as there is no connection, without viable alter ego or constructive trust claims, between those claims and such entities. Plaintiffs contend that the new defendants are necessary parties because the true owners of Campus Crest, new defendants Michael S. Hartnett and Ted W. Rollins, have:

> owned substantial ownership interests in each of the Defendant LLC's operating under the name of Campus Crest Communities and exercised complete dominion and control over the operations of each of them.

Amended Complaint, ¶ 78. They further allege that Defendants Rollins and Hartnett "were involved in every aspect of the business operations" of the Campus Crest defendants, "including the setting and implementation of its discriminatory hiring practices." Id. As to the Seventh Cause of Action for a constructive trust, plaintiffs contend that the court should impose a constructive trust over all the assets of the Campus Crest properties as well as the individual defendants because Defendants Hartnett and Rollins "have siphoned out corporate assets in the form of substantial salaries, bonuses, and other non-monetary compensation, or have used said corporate assets to fund other business interests so that the individual Defendant LLC's are unable to compensate victims…." Amended Complaint, ¶ 83.

B.  **Motion to Join**

Plaintiffs have moved to join the proposed additional defendants as parties to this action, alleging that such entities have been created by Campus Crest since this litigation

-4-

started. The defendants oppose the motion on grounds nearly identical to those asserted in support of the Motion to Dismiss.

## III. Discussion

As discussed at the hearing, the court will withhold decision on the pending motions pending a brief period of discovery as to verticality.

> "To determine whether two entities should be treated as a single employer for Title VII purposes, the Second Circuit considers whether the two entities have: (1) interrelated operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control." The second factor has been determined to be the most important. Generally, such a collapsing of two separate corporate entities should not be found unless the interrelatedness of the companies is pervasive.

Parrish v. Sollecito, 280 F.Supp.2d 145, 156 -157 (S.D.N.Y. 2003)(citations omitted).

In this case, plaintiffs appear to be attempting to impose liability on the new and proposed additional entities as well as to include them in determining the size of the relevant employer for purposes of 42 U.S.C. § 1981a(b)(3). A number of courts have determined that the inquiry concerning the identity of the employer is the same as the inquiry into determining the relevant employer when applying the statutory cap. Vance v. Union Planters Corp., 209 F.3d 438, 447 (5th Cir.2000); Story v. Vae Nortrak, Inc., 214 F.Supp.2d 1209 (N.D.Ala. 2001). The scope of limited discovery will, therefore, focus on whether there is centralized control of labor relations between the already named defendants and, also, the proposed additional defendants. Secondarily, the parties will focus on the existence of common management, whether there are interrelated business operations, and whether there is common ownership and financial control. Generally, this limited discovery may include

insurance policies purchased by the original defendants and the new defendants (especially workers compensation insurance policies), the method and means of meeting payroll and paying trust fund taxes to the IRS, the members and officers of each entity and whether they overlap, any shared or centralized responsibilities as to personnel matters, and whether each entity maintains separate books and bank accounts (the production of which will not be required, but which may be identified by the terminal 4 digits of such accounts). At the conclusion of such discovery period, the parties shall jointly file a motion for further hearing of the pending motions. The court will not set limits as to numbers of interrogatories, depositions, requests for admissions, or requests for production of documents; rather, the court will simply instruct plaintiffs that the scope of discovery is very limited and that such discovery does not concern the merits of their claim. This discovery is limited to the identity of their employer for liability and statutory cap purposes.

If a protective order is not already in place that would adequately protect such disclosures, the parties may make joint application by way of motion to Honorable David C. Cayer, United States Magistrate Judge, for entry of such an Order. While the proposed additional defendants are not yet parties to this action, they appear to be within the reach of the defendants already present. While technically not required to participate in Rule 26 discovery, the court would ask that for purposes of judicial economy that the proposed additional defendants simplify matters through active participation in the process.

* * *

Finally, while the goal is for such discovery to make it readily apparent as to whether

the new defendants or proposed additional defendants are necessary to this litigation, the parties are, of course, free to discuss a more amicable resolution of this dispute. The court was encouraged that this action may well be resolvable inasmuch as the parties were able to agree to participate in limited discovery. The court would entertain a joint request to briefly stay these proceedings so that the parties can participate in mediation conducted by an appropriate mediator in light of these developments.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the new defendants' Motion to Dismiss Plaintiffs' Amended Complaint (#11) and plaintiffs' Motion for Joinder (#26) are taken under advisement. The court will retain such motions for disposition, which will occur not later than September 2, 2011.

**IT IS FURTHER ORDERED** that

(1) limited discovery is opened as to the issue of verticality as herein provided. Such discovery shall close July 29, 2011;

(2) all discovery requests shall be served and depositions noticed so that the requested materials can be produced or the depositions taken by the end of such period;

(3) plaintiffs shall tailor their requests and notices to garner only discovery related to issues identified herein;

(4) at the close of such discovery period, the parties shall file a motion for further

hearing on the now pending motions, unless through such process the parties reach an amicable resolution of the pending motions; and

(5) issues that may arise concerning the conduct of such discovery will be referred to Judge Cayer for resolution in his sound discretion.

Signed: June 7, 2011

Max O. Cogburn Jr.
United States District Judge