# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| HEATHER MCCORMACK and<br>NICOLE M. MCAULIFFE,<br><br>    Plaintiffs,<br><br>vs.<br><br>CAMPUS CREST GROUP, LLC, et. al.,<br><br>    Defendants, | CASE NO. 3:10cv102-MOC-DSC |
| TAMMY HUGHES-BROWN,<br><br>    Plaintiff,<br><br>vs.<br><br>CAMPUS CREST GROUP, LLC, et. al.,<br><br>    Defendants. | CASE NO. 3:10cv366-MOC-DSC |

## MEMORANDUM AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' "Motion[s] to Compel" (document #33 in Case No. 3:10cv102-MOC-DSC and document #26 in Case No. 3:10cv366-MOC-DSC) and the parties' associated briefs and exhibits (Documents ## 34, 38, 39, and 41 in Case No. 3:10cv102-MOC-DSC and documents ## 26, 30, 31 and 33 in Case No. 3:10cv366-MOC-DSC).

These matters have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and are ripe for disposition.

Detailed discussions of the factual backgrounds and procedural histories in these matters are

contained in the "Order[s]" entered by the Honorable Max O. Cogburn, Jr. See Document #25 in Case No. 3:10cv102-MOC-DSC and document #32 in Case No. 3:10cv366-MOC-DSC.

In those Orders, Judge Cogburn took pending Motions to Dismiss under advisement and allowed "limited discovery ... as to the issue of verticality ...[to] close July 29, 2011." The parties were allowed "only discovery related to issues identified" within Judge Cogburn's respective Orders. This Court's chambers' staff has consulted with Judge Cogburn's chambers concerning this limited discovery.

In each case, the parties' discovery dispute centers on Plaintiffs' Interrogatories Numbers 1, 4 and 5, First Requests for Production of Documents generally, and Requests to Admit Numbers 25 and 26.

Plaintiffs' Motions to Compel responses to Interrogatories Numbers 1 and 5 are based on the mistaken premise that Defendants' Motions to Dismiss will be converted into Motions for Summary Judgment, thereby broadening the scope of Plaintiffs' discovery. Plaintiffs' Motions to Compel concerning these discovery requests are denied.

The Court finds, however, that Plaintiff is entitled to a complete response to Interrogatory Number 4, which seeks identification of all "Campus Crest Communities" affiliates and subsidiaries. Plaintiffs' Motions are granted as to that request.

The Court also finds that Requests to Admit Numbers 25 and 26 exceed the limited scope related to the issues identified in Judge Cogburn's Orders and accordingly, Plaintiffs' Motions to Compel are denied .

In their briefs, the parties appear to agree that production should and will be forthcoming in response to Plaintiffs' First Requests for Production of Documents. They dispute the timing of such production and have been unable to agree on a protective order. Accordingly, the Court orders

Defendant to produce responsive documents within a time frame allowing for entry of a protective order.

**FOR THE FOREGOING REASONS, IT IS HEREBY ORDERED** that:

1. Plaintiffs' "Motion[s] to Compel" (document #33 in Case No. 3:10cv102-MOC-DSC and document #26 in Case No. 3:10cv366-MOC-DSC) are **GRANTED IN PART** and **DENIED IN PART**, that is:

    a. On or before August 9, 2011, the parties shall submit a consent Protective Order, or by that same date, Plaintiffs and Defendants shall submit their respective proposed Protective Orders;

    b. On or before August 16, 2011, Defendant shall make full responses to Plaintiffs' Interrogatory Number 4 and to Plaintiffs' First Requests for Production of Documents; and

    c. Plaintiffs' Motions are **DENIED** in all other respects.

2. The Clerk is directed to docket this Memorandum and Order in each matter captioned above.

3. The Clerk is directed to send copies of this Memorandum and Order to the parties' counsel; and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED.**

Signed: August 1, 2011

David S. Cayer
United States Magistrate Judge