IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-102-MOC-DSC
[consolidated with 3:10cv104]

| | | |
|---|---|---|
| HEATHER MCCORMACK and<br>NICOLE M. MCAULIFFE, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| Vs. | )<br>) | ORDER |
| CAMPUS CREST GROUP, LLC;<br>THE GROVE STUDENT PROPERTIES, LLC,<br>formerly known as CAMPUS CREST REAL<br>ESTATE MANAGEMENT, LLC, | )<br>)<br>)<br>)<br>) | |
| Original Defendants, | )<br>) | |
| CAMPUS CREST CONSTRUCTION, LLC,<br>CAMPUS CREST DEVELOPMENT, LLC,<br>CAMPUS CREST PROPERTIES, LLC,<br>CAMPUS CREST DISTRIBUTION, LLC,<br>CAMPUS CREST LEASE, LLC,<br>CAMPUS CREST AVIATION, LLC,<br>CAMPUS CREST VENTURES I, LLC,<br>CAMPUS CREST ASHEVILLE MANAGER,<br>LLC, CAMPUS CREST AT ASHEVILLE,<br>LLC, MADEIRA GROUP, LLC, MXT<br>CAPITAL, LLC, 339 UNION STREET<br>HOUSE, LLC, Jointly and Severally, and all<br>doing business as CAMPUS CREST<br>COMMUNITIES, and MICHAEL S.<br>HARTNETT, Individually, and TED W.<br>ROLLINS, Individually, as the Alter-Egos of<br>CAMPUS CREST COMMUNITIES, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| New Defendants. | )<br>) | |

**THIS MATTER** is before the court on the "Joint Proposed Supplemental Briefing Schedule" (#36)/(#44). The parties are advised that pleadings that seek any relief from the court must be filed as *motions* as there is no way to track documents filed as miscellaneous proposals. See L.Cv.R. 7.1. The court will deem this pleading to be a Motion for Briefing Schedule.

Now that limited discovery on verticality has closed, the parties seek additional briefing that would include a supplemental brief, a response, a reply, and a proposed surreply that would make the Motion to Dismiss not ripe until after October 1, 2011. In its previous Order, the court gave all parties fair warning that it would dispose of the Motion to Dismiss "not later than September 2, 2011" and that the court expected at the conclusion of the limited discovery that the parties would "file a motion for further hearing on the now pending motions...." The court will abide by that forecast.

While additional briefing was not within the realm of the previous Order, the court will allow limited briefing, as follows: plaintiff(s) will be allowed until August 17, 2011, to file a supplemental brief in response to the motion to dismiss, which shall be limited to how the materials she discovered support her position that the additional defendants are necessary parties to this litigation and, if such materials have given plaintiff(s) a basis for alleging additional plausible facts, she/they may also argue why the court should allow her/them to amend her/their Complaint; defendants shall have until August 25, 2011, to file their supplemental brief in reply limited to plaintiff's(s') additional responsive arguments. Such briefs shall be no longer than 10 pages and no further briefing or extensions will be allowed.

A supplemental hearing will be scheduled for August 31, 2011, at a time to be noticed by the Clerk of this Court. Both actions will be heard at the same time.

At the upcoming supplemental hearing on the motions to dismiss, the parties should be prepared to engage in a discussion as to:

(1) whether the non-employer defendants have been brought in for the purpose of imposing liability on them; and/or

(2) whether the non-employer defendants have been brought in for purposes of determining the size of the relevant employer for purposes of 42 U.S.C. § 1981a(b)(3)?

Many of the issues that are central in this case are discussed in the well reasoned opinion of the district court in Parrish v. Sollecito, 280 F.Supp.2d 145 (S.D.N.Y. 2003), a case which this court referenced in its previous Order. While such opinion is only persuasive in this district, the parties should come prepared to discuss such decision as it seems to touch on many of the concerns generated in this litigation. While the court commends the entire decision, the court wishes to highlight some of the Parrish court's discussion, which relates to the issues identified above. As to the first issue, the court held as follows:

> Under the single employer theory, " 'a wronged employee may impose liability on an entity that, although not his employer of record, exercises sufficient control over employment decisions to bear responsibility for the wrong in question.' " *Campbell v. Int'l Brotherhood of Teamsters*, 69 F.Supp.2d 380, 385 (E.D.N.Y.1999) (*quoting Murray v. Miner*, 876 F.Supp. 512, 515 (S.D.N.Y.1995)). **In order for the single employer doctrine to apply, the two entities must share control at the time of the alleged wrong.** *See Miner*, 876 F.Supp. at 515.

Id., at 156 (emphasis added). As to the second issue, the court held as follows:

> Here, Parrish is not attempting to impose liability on Sollecito's other dealerships despite the fact that Parrish was not employed by them, but to include the employees of these entities in determining the size of the relevant employer, the "respondent" for the purposes of 42 U.S.C. § 1981a(b)(3). Moreover, Parrish does not allege that Sollecito's other dealerships shared control of the labor decisions made at Acura. The Court is persuaded that the two inquires are distinct because at issue here is only the size of the employer, not the liable entity, which has already been determined by the jury to be Acura. In this regard, the Court notes that the *Greenbaum* court did not apply the single employer theory for determining the proper entity to examine when applying the statutory cap, nor has any other court in this Circuit. Id. at 651-652.
>
> However, a number of courts in other Circuits have determined that the inquiry into the identity of an employer for liability purposes is equivalent to the inquiry for determining the relevant employer when applying the statutory cap on punitive damages. *See Vance v. Union Planters Corp.*, 209 F.3d 438, 447 (5th Cir.2000); *Story v. Vae Nortrak, Inc.*, 214 F.Supp.2d 1209 (N.D.Ala.2001) (indicating that the 'law of the case' as determined by the Eleventh Circuit is that the single entity inquiry is applied in determining the size of the employer).

Parrish v. Sollecito, 280 F.Supp.2d 145, 156 (S.D.N.Y. 2003). While plaintiff(s) have discussed at length her/their concerns that the employer defendants have dissipated assets, the patent reason for inclusion of the non-employer defendants appears to reaching a higher cap under Section 1981a(b)(3). If plaintiff(s) are seeking to impose liability on the non-employer defendants, Parrish makes clear that Due Process requires their inclusion, as here, early on in the litigation. If, on the other hand, plaintiff(s) are including the non-employer defendants only for purposes of reaching a higher cap, it would seem that such step would be unnecessary under Section 1981a(b)(3) under the reasoning of Parrish.

Finally, the parties should be aware that the court's consideration at this point is

limited to whether these non-employer defendants are necessary parties and whether plausible facts have been sufficiently alleged against them to allow the actions to proceed against them. The purpose behind allowing limited discovery was to allow plaintiff(s) an opportunity to meet the pleading requirements of Iqbal and Twombley. That plaintiff(s) now have in hand discovery that may support their contentions that the non-employer defendants should be held liable or should be included in the Section 1981a(b)(3) calculus does not mean that the court will consider that evidence on the motion to dismiss; rather, if plaintiff(s) actually discovered such information, they may now have a basis for arguing that the motion to dismiss should be denied because they now have a good faith basis to allege additional plausible facts and that they should be allowed to further amend their Amended Complaint to allege those facts.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the "Joint Proposed Supplemental Briefing Schedule" (#36)/(#44) is **DEEMED** to be a Motion for Briefing Schedule, and is **ALLOWED** in part and **DENIED** in part as follows:

(1) plaintiff(s) is allowed until August 17, 2011, to file a supplemental brief in response to the motion to dismiss, which shall be limited to how the materials she/they discovered support her/their position that the additional defendants are necessary parties to this litigation;

(2) defendants are allowed until August 25, 2011, to file their supplemental brief (one brief) in reply limited to plaintiff's(s') additional responsive arguments;

(3)     such briefs shall be no longer than 10 pages and no further briefing will be allowed; and

(4)      a supplemental hearing will be scheduled for August 31, 2011, at a time to be noticed by the Clerk of this court.

Signed: August 10, 2011

Max O. Cogburn Jr.
United States District Judge